FILED

SEP - 6 2016

DAV...
...CLERK
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | | |
|---|---|---|
| Larry Lagrone, Mack A. Brock, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:16CV159 –SA-DAS |
| v. | ) | |
| | ) | |
| OMNOVA SOLUTIONS; | ) | |
| OMNOVA Solutions Consolidated | ) | |
| Pension Plan; | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

This action is brought to compel arbitration of a claim for pension benefits. The pension plan provides that disputed benefits will be submitted to final and binding arbitration and the plan has refused to arbitrate. Alternatively, if the Court finds that arbitration is not appropriate, the Plaintiff seeks recovery of benefits due from the pension plan pursuant to the Employee Retirement Income Security Act ("ERISA").

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq*, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq*., including 29 U.S.C. § 1132(e).

2.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the claim is brought pursuant to federal law.

## THE PARTIES

3.     The Plaintiff, Larry Lagrone, is an individual over the age of nineteen (19) years and is resident of the State of Mississippi. He was a worker at the OMNOVA Solutions facility in Columbus, Mississippi, and remains an employee. One of the benefits Plaintiff earned by employment at Omnova is a pension. The Defendant OMNOVA Solutions Consolidated Pension Plan is the "Pension Plan" which provides pension benefits to plaintiff.

4.     The Plaintiff, Mack A. Brock, is an individual over the age of nineteen (19) years and is a resident of the State of Alabama. He was a worker at the OMNOVA Solutions facility in Columbus, Mississippi, and remains an employee. One of the benefits Plaintiff earned by employment at Omnova is a pension. The Defendant OMNOVA Solutions Consolidated Pension Plan is the "Pension Plan" which provides pension benefits to plaintiff.

5.     The Defendant, OMNOVA Solutions Consolidated Pension Plan, is an employee benefit pension plan as defined in ERISA 29 U.S.C. § 1002(2). The Plan may be found in this judicial district. The Plan is administered, in part, in this judicial district. The breaches which are alleged to have occurred were in this district.

2

6. OMNOVA Solutions, Inc. is the Plan Sponsor.

## THE PLAN

7. The Plaintiffs Lagrone and Brock are employees of Omnova Solutions, Inc. One of the benefits Plaintiff earned by employment at Omnova was a pension.

8. Contributions to the Pension Plan are made by Omnova Solutions, Inc. All liabilities of the Pension Plan, including the liability to completely fund all pensions provided by the Pension Plan, is a liability of Omnova Solutions, Inc.

9. Because Omnova Solutions, Inc., has the financial responsibility to fund all pension benefits provided for by the Pension Plan, Omnova Solutions, Inc., has a direct economic interest in the costs of the Plan.

10. The Defendant is wholly controlled by Omnova Solutions, Inc. The Plaintiffs allege, upon information and belief, that all decision makers of the Defendant are employed by Omnova Solutions, Inc., or are otherwise economically dependent upon Omnova Solutions, Inc. for their livelihood.

11. The Plan provides various forms of benefits. For example, the Plan provides a normal retirement benefit, an early retirement benefit, a special early retirement benefit, and a disability benefit. The specific benefit to which an employee is entitled is based, in part, upon years of service and the age of the participant.

12.    The Plan provides that disputes regarding benefit claims will be resolved by final and binding arbitration.

13.    The Plaintiffs have a vested benefit in the Plan.

14.    Each Plaintiff has over 30 years of service at Omnova Solutions.

## FACTUAL ALLEGATIONS

15.    Plaintiff Mack A. Brock is an employee of Omnova Solutions.

16.    Plaintiff Mack A. Brock has been an employee of Omnova Solutions since on or about July 6, 1974.

17.     Brock is and has been a participant in the Pension Plan or its predecessor Plan since 1974.

18.    Plaintiff Larry Lagrone is an employee of Omnova Solutions.

19.    Lagrone is and has been an employee of Omnova Solutions since September 2, 1974.

20.    Lagrone is and has been a participant in the Pension Plan or its predecessor Plan since 1974.

21.    The Plaintiffs and other employees at the facility began a lawful economic strike against Omnova Solutions on are about May 15, 2010.   They have not returned to the facility since that date.

22.  One form of benefit provided for by the Pension Plan is a "special early retirement" benefit.  A special early retirement benefit is payable when the participant is 55 years of age, and has 34 years of Credited Service.

23.  Brock filed a claim for a "special early retirement" form of benefit with the Pension Plan in August 2015.  At the time he filed his claim for benefits he had been an employee at Omnova for over 34 years and was more than 55 years of age.

24.  The Pension Plan denied his claim for special early retirement benefit, and Brock appealed the denial of the claim and demanded arbitration of the benefit denial on or about December 4, 2015.

25.  The Pension Plan denied his appeal on or about February 2, 2016, even though Brock met all the age and other conditions for a special early retirement benefit, and refused to arbitrate the denial of benefits.

26.  Lagrone also filed a claim for a "special early retirement" form of benefit with the Pension Plan in September, 2015.  At the time filed his claim for benefits, he had been an employee of Omnova for over 34 years and was more than 55 years of age.

27.  The Pension Plan denied his claim for benefit and Lagrone appealed the denial of the claim and demanded arbitration of the benefit denial on or about December 2, 2015.

28.    The Pension Plan denied his appeal on or about February 2, 2016, even though Lagrone met the age and other conditions for receipt of a special early retirement form of benefit, and refused to arbitrate the denial of benefits.

29.    The Pension Plan has failed to provide benefits to Plaintiffs as provided in the Plan, despite a proper claim having been submitted in a timely manner.

30.    The decision to deny benefits was contrary to the provisions of the Plan.

31.    The decision was an abuse of any discretion the Defendant may have in resolving claims.

32.    The decision is arbitrary and capricious because other identically situated plan participants have been awarded benefits but Lagrone and Brock have been denied benefits.

33.    The Plaintiffs have exhausted all administrative remedies available.

34.    The refusal to arbitrate the denial of benefits violates the terms of the Plan.

35.    The Plaintiffs have been engaged in protected concerted activity against Omnova Solutions, Inc., since on or before May 15, 2010. They were engaged in a lawful strike against Omnova Solutions.

## COUNT I
## Demand for Arbitration

36.     Plaintiff incorporates the contents of paragraphs 1 through 35 of this complaint as if set forth here in their entirety.

37.     This claim is asserted pursuant to 29 U.S.C. § 1132(a) (3) and 9 U.S.C. § 4.

38.     The Plan provides that disputes regarding payment of benefits will submitted to final and binding arbitration.  The Defendant has refused to arbitrate the dispute despite the fact that Plaintiff has exhausted his administrative remedies and has properly demanded arbitration.

WHEREFORE, Plaintiff requests this Court enter an compelling arbitration in accordance with terms of the Plan, attorney fees, and such other relief as this Court deems appropriate.

## COUNT II
## CLAIM FOR BENEFITS

39.     Plaintiff incorporates the contents of paragraphs 1 through 38 of this complaint as if set forth here in their entirety.

40.     This claim is asserted pursuant to 29 U.S.C. § 1132(a)(1).  The claim is asserted alternatively.

41.     Plaintiffs are entitled to special early retirement benefits as defined by the Plan.  Plaintiff alleges that benefits were denied to them in violation of the

provisions of the Plan. The denial of benefits was an abuse of any discretion the Defendant may have in determining claims for benefits.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, actual and compensatory, injunctive relief, attorney fees, and such other relief as this Court deems appropriate.

/s/ Roger K. Doolittle
Roger K. Doolittle

OF COUNSEL:
ROGER K. DOOLITTLE, ATTORNEY
460 Briarwood Drive, Suite 500
Jackson, Mississippi 39206
(601) 957-9777
rogerkdoolittle@aol.com

/s/ Glen M. Connor
Glen M. Connor
(*pro hac vice Pending*)

OF COUNSEL:
QUINN, CONNOR, WEAVER,
 DAVIES & ROUCO LLP
2 – 20th Street North, Suite 930
Birmingham, AL 35203
205/870-9989
gconnor@qcwdr.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

OMNOVA SOLUTIONS
c/o Registered Agent Corporation Service Company
5760 I-55 North, Suite 150
Jackson, MS  39211

OMNOVA SOLUTIONS CONSOLIDATED PENSION PLAN
c/o Plan Administrator Omnova Solutions Inc.
175 Ghent Road
Fairlawn, OH  44333-3330